|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| NWDC RESISTANCE, et al.,<br><br>                              Plaintiffs,<br><br>           v.<br><br>IMMIGRATION & CUSTOMS<br>ENFORCEMENT, et al.,<br><br>                              Defendants. | CASE NO. C18-5860JLR<br><br>ORDER ON THE PARTIES' STIPULATED MOTION FOR AN EXTENSION OF THE TRIAL DATE AND CASE SCHEDULE |

Before the court is the parties' stipulated motion for an approximate 7-month extension of the trial date and related case deadlines. (Stip. Mot. (Dkt. # 65).) The parties base their request on the impact of the COVID-19 pandemic and "the birth of children for three of the lawyers taking the laboring oar on this matter." (*See id.* at 2.) The parties previously requested, and the court granted, an approximate 6-month extension of the trial date and related case deadlines. (*See* 4/22/20 Order (Dkt. # 61).)

//

ORDER - 1

1   The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Id.* at 608.

   All current litigation is impacted to some extent by the COVID-19 pandemic. Fortunately, the Federal Rules of Civil Procedure provide for the taking of depositions via telephone or video link. *See* Fed. R. Civ. P. 30(b)(4) ("The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."). Further, the court notes that most written discovery today is conducted electronically, and thus, remotely as well. Without some demonstration by the parties that they have attempted, but for some reason were not able, to use the means provided by the Federal Rules and modern technology to safely conduct discovery in this case, the court is unwilling to consider an extension of the trial date due to the pandemic.

//

1    Further, although the court is sympathetic to issues surrounding parental leave and
2 childcare, the parties have made no showing that the parental leaves at issue here could
3 not be accommodated within their firms or legal organizations by other lawyers or that
4 other lawyers could not step into this matter and represent their respective clients while
5 the primary attorney is on leave.
6    In any event, counsel previously received an extension of the trial date and other
7 case deadlines on the same grounds of inconvenience due to COVID-19 restrictions and
8 three parental leaves among the attorneys assigned to this matter. (*See* 4/22/20 Order
9 (Dkt. # 61) (granting an approximate 6-month extension of the trial date and related case
10 deadlines).) Any further extension on the same grounds does not constitute good cause.
11 Thus, the court does not find good cause for the case schedule extension the parties
12 request.
13    Nevertheless, the court is not without some flexibility. The court will not permit
14 the parties to extend their trial date to the date that they have selected. This would place
15 them ahead of other litigants who have managed—despite the pandemic and other
16 scheduling issues—to prepare their cases in a timely manner. The court is unwilling to
17 adjust its trial calendar in this manner. The court will, however, permit the parties to
18 move their trial date to the end of the court's trial calendar. If the parties decide that they
19 would like to exercise this option, they may file a stipulation so stating within seven (7)
20 days of the filing date of this order. If the parties file such a stipulation, the court will
21 issue a new trial date at the end of its trial calendar and will re-set any unexpired case
22 //

1  deadlines in accord with the new trial date.  The parties should be apprised, however, that

2  the court is presently scheduling trials in approximately February of 2022.

3  Dated this 16th day of September, 2020.

JAMES L. ROBART
United States District Judge

ORDER - 4