THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NWDC RESISTANCE and COALITION OF
ANTI-RACIST WHITES,

                  Plaintiffs,

    v.

IMMIGRATION & CUSTOMS
ENFORCEMENT, MATTHEW T. ALBENCE,
in his official capacity as Acting Director of
Immigration and Customs Enforcement; and
CHAD F. WOLF, in his official capacity as
Acting Secretary of Homeland Security,

                  Defendants.

No. 3:18-cv-05860-RBL

**DECLARATION OF ROBERT E.
MILLER IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY**

Noted on Motion Calendar:
April 2, 2021

I, Robert E. Miller, declare as follows:

1.      I am an attorney for the above-named Plaintiffs in this action.  I make this declaration based upon my personal knowledge or knowledge of regularly mtained records in my office.

2.      Attached as **Exhibit A** is a true and correct copy of a letter sent by counsel for Plaintiffs to counsel for Defendants, dated August 8, 2019, outlining deficincies in Defendants' discovery responses.

3.      Attached as **Exhibit B** is a true and correct copy of a letter I sent to counsel for Defendants, dated December 31, 2020, outlining deficencies in Defendants' discovery responses.

DECLARATION OF ROBERT E. MILLER (3:18-cv-05860-RBL) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1      4.    In the December 31, 2020 letter, I requested that Defendants respond to address

2  the discovery deficencies by January 22, 2021.  On January 21, 2021, Defendants' counsel

3  emailed counsel for Plaintiffs to indicate that Defendants would respond "within the next

4  couple of weeks."  Counsel for plaintiffs did not receive a response, and on February 8, 2021, I

5  requested a meeting with Defendants' counsel to disuss the discovery issues.  The parties met

6  by phone on February 18, 2021.  During our call, I informed Defendants' counsel that, in

7  addition to the issues raised in the letter, Plaintiffs anticipated challenging the extensive "law

8  enforcement privilege" and "deliberative process" redactions in Defendants' document

9  production.  Defendants' counsel stated on the call that Defendants were working toward

10 providing a response to the discovery issues in the next two weeks.  On February 22, 2021,

11 however, Defendants' counsel informed Plaintiffs' counsel that Defendants would seek a 120-

12 day stay.  Defendants have yet to provide a response regarding the deficiencies raised in the

13 letter Plaintiffs sent three months ago.

14     5.    On November 23, 2020, I emailed Defndants' counsel and proposed entring a

15 case schedule with close of discovery set for October 11, 2021.  Defendants' counsel has not

16 responded to that proposal.

    DATED this 29th day of March, 2021.

ROBERT E. MILLER

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

## **CERTIFICATE OF SERVICE**

2    I hereby declare under penalty of perjury under the laws of the United States that, on the

3 date set forth below, I caused a true and correct copy of the foregoing document to be filed with

4 the Court using the CM/ECF system, which will cause all counsel of record to be served with

5 the same.

6    DATED this 29th day of March, 2021.

7

8              */s/ Ambika K. Doran*
                Ambika K. Doran, WSBA #38237

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF ROBERT E. MILLER (3:18-cv-05860-RBL) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# EXHIBIT A



Suite 3300
920 Fifth Avenue
Seattle, WA  98104-1610

**Max Hensley**
(206) 757-8175 tel
(206) 757-7175 fax

maxhensley@dwt.com

August 8, 2019

Katie D. Fairchild
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101

Via email: Katie.Fairchild@usdoj.gov

Re:   *La Resistencia v. ICE*, Case No. 3:18-cv-5860 (W.D. Wash.)

Counsel:

We write in response to Defendants' Responses to Plaintiffs' First Set of Discovery Requests ("Responses"), served July 26, 2019.  As set forth below, several of Defendants' objections are legally insufficient.  We therefore request a meet-and-confer call to determine whether this conflict may be resolved without court intervention.

There are two primary issues we need to resolve.

First, your General Objection 12 (which is incorporated in substance in many of your responses to the specific Requests for Production and Interrogatories) adopts an inappropriately broad interpretation of ICE's privacy obligations, and conflicts with your duties under the Federal Rules of Civil Procedure.  You assert that a series of statutes and regulations prevent the disclosure of much of the information sought in this matter, and request that plaintiffs identify specific individuals whose information is sought and provide a Privacy Act waiver for each individual before ICE will undertake a search for information regarding that person.  This approach is untenable for multiple reasons:

- The statutes and regulations do not impose the obligations you claim.  For example, the Privacy Act contains a specific definition limiting its applicability to "a citizen of the United States or an alien lawfully admitted for permanent residence," 5 U.S.C. § 552a(a)(3).  Thus, information regarding undocumented residents or others without lawful permanent residency is not subject to this

**DWT.COM**

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4811-0153-3086v.2 0201359-000001

Katie D. Fairchild
Assistant United States Attorney
August 8, 2019
Page 2

statute. *See also* 1 C.F.R. § 602.3 ("The Privacy Act applies only to U.S. citizens and aliens lawfully admitted for permanent residence such that only individuals satisfying these criteria may make Privacy Act Requests."). The other statutes listed apply only to specific pieces of information which may or may not exist as to any particular individual, and which may or may not be relevant to the discovery requests plaintiffs have made, and thus cannot support the type of blanket objection made here.

- To the extent any statute or regulation does impose a privacy obligation, you may not simply refuse to search for relevant information. Rather, the Civil Rules obligate ICE to search for and review potentially relevant documents, and to log any documents withheld (whether on grounds of privilege or pursuant to a statute or regulation) in a manner sufficient to allow plaintiffs to review and analyze such claims on a document-by-document basis. *See* Fed. R. Civ. P. 26(b)(5).

- Finally, your suggestion that plaintiffs need to specifically identify any individual who may be identified in a particular document is not a practicable solution within the context of this litigation. As explained in our previous conversations (and set forth below), plaintiffs' Complaint sets forth examples of ICE's retaliatory enforcement of the immigration laws of which it is aware. However, plaintiffs are entitled to discover all such instances, and ICE is the only source of such information. Thus, we have proposed search terms which we believe would allow for that review to be done. We are happy to continue to discuss those terms or other methods by which ICE can identify the information we seek, but cannot agree to a process by which plaintiffs are limited to discovery relating to those instances of retaliation which have been publicly revealed.

Second, your responses inappropriately attempt to limit the scope of discovery in this case to evidence relating to ICE's direct enforcement of immigration law against the plaintiffs in this suit. *See, e.g.,* Response to Interrogatory 1 ("ICE also objects because Interrogatory 1 appears to demand information that is neither relevant to nor proportional to the needs of the case; the claims in this case are premised on alleged injuries to La Resistencia and CARW, not alleged injuries to Ms. Mora-Villalpando."). Plaintiffs' claims in this case are, in summary, that ICE's retaliatory exercise of its immigration enforcement powers against immigration activists – not just La Resistencia, CARW, or their members – causes the plaintiffs to suffer harms cognizable under the First, Fifth, and Fourteenth Amendments. Evidence of ICE's actions against individuals and entities other than the named plaintiffs in this suit is thus of crucial relevance to this case. Please supplement each response that incorporates this objection.

4811-0153-3086v.2 0201359-000001

Katie D. Fairchild
Assistant United States Attorney
August 8, 2019
Page 3

In addition, we request that you clarify your position as expressed in the following objections:

**General Objection 3**.  Please identify which specific Instructions and/or Definitions you believe to be objectionable, and identify the specific alternative interpretation of any such Instruction and/or Definition you propose to apply.

**General Objection 8.**  Please confirm the scope of information you contend to be within the possession, custody, or control of ICE, and specifically, whether you contend that information held by U.S. Customs and Border Protection and/or U.S. Citizenship & Immigration Services is outside the possession, custody, or control of ICE.  *See, e.g.,* Order on Cross-Motions for Summary Judgment (Dkt. 52), *Mora-Villalpando v. U.S. Immigrations & Customs Enforcement, et. al,*, Case No. C18-0655JLR (W.D. Wash.) at 21 n. 7.

**General Objection 10.**  Please identify the specific requests you contend to be vague and/or ambiguous, and provide the specific construction of any such instruction you propose to apply.

We appreciate the professional manner in which your office has engaged with this matter to date.  Please inform us as soon as practicable of times when you are available for a call to discuss the matters in this letter.

Sincerely

Davis Wright Tremaine LLP

Max Hensley

cc:    Khaled Alrabe

# EXHIBIT B



Suite 3300
920 Fifth Avenue
Seattle, WA  98104-1610

**Robert E. Miller**
(206) 757-8508 tel
(206) 757-7508 fax

robertmiller@dwt.com

December 31, 2020

***VIA ELECTRONIC MAIL***
***katie.fairchild@usdoj.gov***

Katie D. Fairchild
Assistant United States Attorney
U.S. Department of Justice
700 Stewart Street, Suite 5220
Seattle, WA 98101-1272

> **Re:** ***NWDC Resistance, et al. v. I.C.E., et al.***, **3:18-cv-05860**

Dear Ms. Fairchild:

I write on behalf of Plaintiffs La Resistencia (formerly NWDC) and Coalition of Anti-Racist Whites ("Plaintiffs") regarding the discovery responses of your clients Immigration & Customs Enforcement, Tony H. Pham, and Chad Wolf ("Defendants").  As explained below, Defendants' response to Plaintiffs' first and second sets of discovery are deficient and must be updated.  We've addressed a number of problems with the responses below, including initially two issues that broadly impact Defendants' responses and require prompt correction: privacy objections and the identification of custodians.  We ask that you remedy the issues we identify in this letter by January 22, 2021.

## A.   Privacy Objections

First, Defendants continue to object to providing responsive information on the basis that production would violate the Privacy Act or other privacy-related laws.  My former colleague, Max Hensley, first explained why this blanket privacy objection is untenable in a letter to you dated August 8, 2019.  In short, the Privacy Act protects only citizens and lawful permanent

**DWT.COM**

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4816-8814-1269v.1 0201359-000001

Katie D. Fairchild
December 31, 2020
Page 2

residents of the U.S.  5 U.S.C. § 552a(a)(2).[1]  Given that Plaintiffs almost exclusively seek
records related to non-citizens, the Privacy Act has minimal applicability, if any.  On
April 7, 2020, we asked that Defendants explain the basis for their blanket privacy objections.
We did not receive a response.

To avoid a dispute, we agreed initially that Defendants may redact identifying
information in records.  However, given Defendants' inability to search for key immigration
records, we have requested records related to specific individuals by name.  We have provided
privacy waivers where possible in an effort to be accommodating.  But to be clear, Defendants
have provided no basis to support the privacy objection or the need for privacy waivers.  We ask
that you withdraw the Privacy Act objections or provide an explanation to support your reliance
on the Privacy Act.  As for any other privacy restrictions, Defendants may not rely on blanket
objections but must explain why a specific law precluding production applies to specific records
pertaining to a specific individual as to *each responsive document withheld*.

## B.      Identification of Custodians

We must understand the role of each custodian selected for email searches in order to
evaluate the sufficiency of Defendants' productions.  We first asked for an explanation of the
custodians and how they were identified in October, 2019.  You responded with a list of names
and short titles, along with a statement that Defendants selected custodians it believed would
have responsive information—with no explanation of *why* Defendants believed the individuals
would have responsive information.  We followed up explaining that this response was
insufficient, and we have continued to do so now for more than one year.  Defendants still have
failed to provide so much as the office location or region for a single custodian.  Defendants have
failed to explain the meaning of vague titles such as "program analyst," or why some "program
analysts" were selected and not others.  We should have had this basic information when
Defendants first identified custodians more than a year ago.  We cannot wait any longer.

---

[1] *See* Exhibit Order: Enhancing Public Safety in the Interior of the United States, Jan. 25, 2017, available at
Executive Order: Enhancing Public Safety in the Interior of the United States | The White House ("Agencies shall,
to the extent consistent with applicable law, ensure that their privacy policies exclude persons who are not United
States citizens or lawful permanent residents from the protections of the Privacy Act regarding personally
identifiable information."); Department of Homeland Security Memorandum, *Enforcement of the Immigration Laws
to Serve the National Interest*, Feb. 20, 2017, available at
https://www.dhs.gov/sites/default/files/publications/17_0220_S1_Enforcement-of-the-Immigration-Laws-to-Serve-
the-National-Interest.pdf ("[T]he Department will no longer afford Privacy Act rights and protections to persons
who are neither U.S. citizens nor lawful permanent residents.").

Katie D. Fairchild
December 31, 2020
Page 3


C.      **Responses to First Discovery Requests**

        1.      **Interrogatories**

        Interrogatory Nos. 1 and 2.  These Interrogatories ask for descriptions of "Your efforts to
surveil, investigate, or initiate removal proceedings against" Maru Mora-Villalpando
(Interrogatory No. 1) and Baltazar Aburto Gutierrez (Interrogatory No. 2), and the bases for
those decisions.  Defendants provided no substantive responses, but stated that they would
update their responses following entry of a Protective Order, and if Plaintiffs produced privacy
waivers signed by Ms. Mora-Villalpando and Mr. Gutierrez.  As you know the protective order
was entered in this case on September 20, 2019, Dkt. 37, and Plaintiffs have produced privacy
waivers signed by Ms. Mora-Villalpando and Mr. Gutierrez (even though Defendants failed to
explain why the law requires a privacy waiver).  Defendants must supplement their responses to
Interrogatory Nos. 1 and 2.

        Interrogatory No. 3.  This Interrogatory asks Defendants to "[i]dentify any effort to
surveil or investigate La Resistencia or CARW, or to surveil, investigate, or initiate removal
proceedings against any individual who is a member of or otherwise affiliated with La
Resistencia or CARW."  Defendants provided no substantive response, but stated that they
would update their response and "conduct a reasonable inquiry for information that may be
responsive to this Interrogatory" if Plaintiffs identify an individual who is a "member or
otherwise affiliated with La Resistencia or CARW," and produced a privacy waiver from that
individual.  Plaintiffs have provided a privacy waiver signed by Ms. Mora-Villalpando and will
provide a waiver signed by Eila Strand (aka Peter Strand) of CARW.  Plaintiffs ask that
Defendants supplement their response accordingly.

        Interrogatory No. 5.  This Interrogatory asks that you "[d]escribe any effort by You to
monitor individuals because of or with knowledge that those individuals speak about or organize
against United States policies on immigration, immigrant detention, or deportation."  Defendants
provided no substantive response, but stated that they would update their response and "conduct
a reasonable inquiry for information that may be responsive to this Interrogatory" if "Plaintiffs
can establish that any possible monitoring of an individual in connection with the direct
enforcement of federal immigration laws is relevant to the claims and injuries alleged," and
Plaintiffs produce a privacy waiver from that individual.

        Defendants must fully answer this interrogatory as written.  As Judge Robart made clear
in his order denying Defendants' motion to dismiss, Defendants' construction of Plaintiffs'
claims in this litigation are erroneously narrow.  Plaintiffs "have demonstrated that their

Katie D. Fairchild
December 31, 2020
Page 4

members fear retaliation for speaking out, fears supported by ICE's pattern of targeting such individuals for surveillance and removal proceedings." Slip Op., (Dkt. 70) at 20. The whole purpose of this lawsuit is "to enjoin what [Plaintiffs] claim is an unconstitutional policy." *Id.* at 21. Thus, evidence relating to ICE's retaliatory targeting of individuals who speak out against ICE's policies is directly relevant to Plaintiffs' claims, regardless of whether those targeted are members of the plaintiff organizations. Further, as explained above, Defendants have no basis to demand a privacy waiver before identifying any individuals in response to this Interrogatory.[2] Accordingly, Plaintiffs ask that Defendants provide a full updated response to this Interrogatory.

Interrogatory No. 6. This Interrogatory asks that you "[i]dentify any event organized to oppose United States policies on immigration, immigrant detention, or deportation that ICE employees have attended." In response, Defendants stated that during the last five years, ICE has not assigned employees to attend events organized by La Resistencia or CARW. However, the Interrogatory asks that Defendants identify "any" such event, not just those organized by Plaintiffs. Again, the Court's order denying Defendants' motion to dismiss makes clear that relevant information is not limited to Defendants' conduct directed at Plaintiffs. As a result, Defendants may not unilaterally limit their responses in this manner. Plaintiffs ask that Defendants update their response accordingly.

Interrogatory No. 7. This Interrogatory asks that Defendants "[i]dentify any witness with information related to Plaintiffs' claims or Defendants' defenses and describe what information that witness may possess." Defendants responded by referring to their initial disclosures, but also stated that "in the event that Plaintiffs obtain Privacy Waivers from individuals about whom they seek discovery but who are not parties to this litigation, ICE may provide additional information to the extent that it is relevant to Plaintiffs' claims or ICE's defenses." To the extent Defendants limited their answer to this interrogatory in any respect based on the demand for privacy waivers, such limitation is improper for the reasons explained above. Defendants must provide a complete response.

## 2.    Requests for Production

Request For Production No. 4. This Request seeks documents reflecting "any policies or procedures regarding ICE attending or surveilling protests, marches, or activism-related events relating to United States immigration policies." In response to this Request, Defendants stated that they were producing responsive documents, but Plaintiffs have not identified in Defendants'

---

[2] Even so, Plaintiffs have produced privacy waivers for Ms. Mora-Villalpando, Jesus Alberto Lopez Gutierrez, Francisco Javier Silva, Hilda Veronica Ramirez Mendez, Jean Murat Montrevil, Ravidath Ragbir, Sergio Samuel Salazar Gonzalez, and Balthazar "Rosas" Aburto Gutierrez.

Katie D. Fairchild
December 31, 2020
Page 5

production any documents reflecting policies for attending or surveilling protests or marches.
Please confirm that Defendants have in fact produced all such documents in their possession,
custody or control.

Request For Production No. 5. This Request seeks "all documents regarding ICE's
knowledge or surveillance of protests, marches, or activist events relating to United States
immigration policies." In response, it appears that Defendants produced documents relating to
surveillance of La Resistencia and a very small number of documents reflecting ICE's
monitoring of protests nationwide, even though the documents produced by Defendants suggest
that ICE conducts such monitoring on a regular basis. *See* ICE_000135. The plain language of
this Request seeks "all" such documents. The parties agreed to search terms targeted at
capturing such documents, but the problem appears to be with the custodians. As best we can
tell, the custodians are constrained to the Northwest, and as a result, Defendants have failed to
fully respond to this Request. Again, we must have a full explanation of the custodians.

### 3.      Requests for Admission

RFA Nos. 1-5. These RFAs ask that Defendants admit to surveillance (RFA No. 1),
detention (RFA No. 2), investigation (RFA No. 3), or initiation of removal proceedings
(RFA No. 4) directed at any individual. And RFA No. 5 asks that Defendants admit to conduct
directed at Migrant Justice. In response to each, Defendants stated improperly that they were
limiting the scope of their responses to Plaintiffs La Resistencia and CARW. But as stated
above, Defendants' discovery obligations in this case extend beyond just information related
directly to La Resistencia and CARW. Rather, Plaintiffs' claims relate to "ICE's pattern" or
retaliatory targeting of individuals who speak out against ICE policies. Slip Op, (Dkt. 70) at 20-
21. Accordingly, Plaintiffs ask that Defendants supplement their response to these RFAs to
include a full response.

RFA Nos. 6-7. These RFAs ask Defendants to admit that ICE has surveilled the Plaintiff
organizations or their members. Defendants provided no substantive response but demanded a
privacy waiver for any member. Defendants must explain why a privacy waiver is required by
law for this admission and may not simply use blanket privacy objections. Defendants also
demand that Plaintiffs define and identify members of each group. But Defendants know
Ms. Mora-Villalpando is a member. To the extent Defendants are unaware of the identities of
other members, Defendants should respond based on their own knowledge or understanding. If,
for instance, Defendants selected an individual for surveillance based in part on that individual's
perceived affiliation with CARW or La Resistencia, such information should be included.
Plaintiffs ask that Defendants supplement their response to this RFA accordingly.

Katie D. Fairchild
December 31, 2020
Page 6


      **D.**      **Second Discovery Requests**

      Plaintiffs' second discovery requests seek a number of specific categories of documents related to specific individuals and groups.  In response, Defendants agreed to only the following: (1) search for the named individuals' A-file; (2) search the named individuals' name and A-number in the existing "email database;" and (3) search for emails "related" to the identified groups in the "email database."  This unilateral limitation of Plaintiffs' discovery requests is not appropriate or justified by Defendants' objections, which are largely meritless.

      As explained above, we are unable to identify the sufficiency of the "email database" without an explanation of each custodian's role.  Our review indicates the custodians are Northwest-focused, and as a result, such custodians are probably insufficient and irrelevant to the information sought in the second (and third) discovery requests.

      Defendants' responses to the second discovery requests rely on the same blanket privacy objections.  As explained above, those objections are not valid.

      Defendants' relevance and proportionality objections are not well-founded.  Defendants continue to insist that only information related to the Plaintiff organizations or their members are relevant.  Plaintiffs are entitled to information related to ICE's treatment of other activists because such information could lead to the discovery or information that tends to prove or disprove Plaintiffs' allegation that ICE has a policy of targeting activists.  The Court's denial of Defendants' motion to dismiss made this clear, and Defendants may not continue to limit the scope of discovery.

      Defendants also object that Plaintiffs' requests are "vague" and that Defendants are not able to identify any of the specific categories of documents Plaintiffs request.  Defendants' persistent vagueness objections ignore common-sense understandings of non-technical words.  For instance, Defendants suggest an inability to determine what it means to "monitor" individuals or groups on social media.  To be clear, Plaintiffs seek any record reflecting Defendants' efforts to view social media pages for information related to the identified individuals or groups.


4816-8814-1269v.1 0201359-000001

Katie D. Fairchild
December 31, 2020
Page 7


Defendants also suggest uncertainty as to the existence of a number of specific categories of documents Plaintiffs seek.  We have provided clarification or examples below:

- RFP No. 12 – Suspect information bulletin
  - See ICE_0000850, which includes the heading "suspect information bulletin."
- RFP No. 10 – Executive summary
  - See ICE_0000747, which is an ICE email requesting an "executive summary" for Ms. Mora-Villalpando.
- RFP No. 9 – High profile removal documents
  - ICE's website describes high profile removals: https://www.ice.gov/news/releases/what-are-high-profile-removals.
- RFP No. 14 – Babel Street Reports
  - Babel Street is a web surveillance program: https://www.babelstreet.com/. See ICE_0002845, which is an ICE email with discussion pertaining to use of Babel Street in relation to Ms. Mora-Villalpando.
- RFP No. 18 – Field Operations Worksheet
  - Such documents are publically available in some instances, such as page 88 of this: https://ailachicago.org/wp-content/uploads/2017/02/ICE-Raid-Toolkit-APPENDICES-9-IDP-FOIA-Response.pdf.
- RFP No. 21 – Egregious write-up reports
  - This news story includes an ICE email dated February 12, 2017 requesting a compilation of "egregious case write-ups."

Given that these categories of documents apparently exist and are largely part of ICE's records, we suspect Defendants will be able to identify responsive information.

*** 

In summary, we ask that you do the following by January 22, 2021:

- Supplement Defendants' responses to each of the Requests identified above from Plaintiffs' first discovery requests;
- Withdraw all blanket privacy objections from your responses to the first and second discovery requests, or provide a detailed explanation for why you believe the law supports such an objection;

Katie D. Fairchild
December 31, 2020
Page 8

- Provide an explanation of the role, location, and job responsibilities of all custodians, including information that will allow us to determine whether other individuals should have been included; and
- Update Defendants' written responses to Plaintiffs' second discovery requests to withdraw baseless objections and explain what process Defendants will use to identify responsive documents.

Plaintiffs do not concede the validity of any objection unaddressed in this letter, and Plaintiffs reserve the right to contest those objections.

We are available to discuss any of these issues by phone.  We hope to be able to resolve these issues promptly to avoid delay and Court involvement.

Sincerely,

Robert E. Miller

cc:     Sejal Zota