UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NWDC RESISTANCE, et al., | CASE NO. C18-5860JLR |
| Plaintiffs, | ORDER |
| v. | |
| IMMIGRATION & CUSTOMS ENFORCEMENT, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is the motion to stay filed by Defendants Immigration & Customs Enforcement ("ICE"), Acting Director of ICE Tae D. Johnson, and Secretary of the Department of Homeland Security Alejandro Mayorkas (collectively, "Defendants"). (Mot. (Dkt. # 71); *see also* Reply (Dkt. # 74).) Plaintiffs La Resistencia (formerly NWDC Resistance) and Coalition of Anti-Racist Whites (collectively, "Plaintiffs") oppose Defendants' motion. (Resp. (Dkt. # 72).) The court has considered Defendants'

ORDER - 1

motion, all submissions filed in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS in part Defendants' motion to stay, and stays this case for 90 days from the filing date of this order.

## II. BACKGROUND

The court set forth the factual and procedural background of this case in its October 8, 2020 order denying Defendants' motion to dismiss and thus does not repeat that history here except as it pertains specifically to Defendants' motion to stay. (*See* 10/8/20 Order (Dkt. # 70).)

Plaintiffs are immigration advocacy organizations. (*See* Am. Compl. (Dkt. # 13) ¶¶ 4-5.) They claim that ICE has a policy and practice of "selectively enforcing immigration laws against outspoken immigrant rights activists who publicly criticize U.S. immigration law, policy, and enforcement." (*Id.* ¶ 9.) They assert that ICE has "investigated, surveilled, harassed, raided, arrested, detained, and deported those activists immediately following press appearances and news conferences." (*Id.* ¶ 10; *see also id.* ¶¶ 16-52 (describing examples of alleged selective enforcement).) Plaintiffs claim that, by these actions, Defendants have retaliated against them for their members' protected speech in violation of the First Amendment to the U.S. Constitution; deprived them of liberty interests and equal protection in violation of the Due Process Clause of the Fifth Amendment; and violated existing executive orders and agency policies setting priorities

---

[1] Neither party requests oral argument (*see* Mot.; Resp.) and the court finds oral argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

for immigration enforcement.  (*See id.* ¶¶ 85-107.)  They seek prospective relief:  a declaratory judgment that Defendants' policy of retaliatory enforcement of immigration laws violates the First and Fifth Amendments and a permanent injunction restraining Defendants from selectively enforcing immigration laws against any individual based on the individual's protected speech.  (*See id.* at 20-21.)

Defendants state that there is new leadership at the Department of Justice as of January 20, 2021, due to the change in the presidential administration.  (Mot. at 1.)  Accordingly, Defendants seek additional time to enable new Department of Justice officials to become familiar with the issues in this case.  (*Id.*)  Defendants also request "additional time to evaluate whether any new immigration enforcement priorities may be issued that may impact this case."  (*Id.* at 1-2.)  Defendants point to interim guidance recently issued by ICE that they assert is relevant to this litigation.  (*Id.*)  Specifically, on February 18, 2021, ICE issued interim guidance regarding civil immigration enforcement and removal priorities and stated that new enforcement guidelines would be issued within 90 days.  (*See id.* at 2-3; *see also id.* App'x A ("Guidance").)  They point out that Plaintiffs intend to depose ICE employees regarding federal immigration policy and national enforcement priorities, and they argue that it would be more efficient for such depositions to be set for a time after ICE issues its new guidance.  (*Id.* at 2.)  Defendants now ask the court to stay this matter for 120 days to allow time for the new guidelines to be issued and reviewed for their relevance to this matter.  (*See generally* Mot.)  Plaintiffs have represented to Defendants that they would agree to stay the case for 60 days, but

ORDER - 3

contend that a 120-day stay is too long.  (*See* Mot. at 2 n.1; *see also* Resp. at 1 n.1 (asking court to stay the case for no more than 60 days if it grants Defendants' motion).)

### III.  ANALYSIS

The court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*  Here, the court finds that these factors weigh in favor of granting Defendants' motion to stay pending ICE's expected issuance of updated civil enforcement guidance in May 2021.

**A.     Possible Harm to Plaintiffs if a Stay is Imposed**

Plaintiffs assert that they will suffer harm if the court stays this case because Defendants' alleged unconstitutional policy of targeting outspoken immigration activists will continue absent entry of an injunction against that conduct.  (Resp. at 3.)  They contend that the interim guidance "in no way addresses, much less ameliorates, the targeting of such activists."  (*Id.* at 4.)  Plaintiffs further argue that even if the interim guidance did address retaliatory enforcement, ICE's alleged prioritization of activists for

1  enforcement violates the agency's existing written policies regarding immigration
2  enforcement priorities and Defendants can "just as easily contravene the new guidance."
3  (*Id.*)

4      Although Plaintiffs point to what they assert is evidence of ongoing retaliatory
5  enforcement of immigration laws, the examples they cite date from 2019 and 2020.  (*See*
6  Resp. at 3 (citing 3/19/20 Mora-Villalpando Decl. (Dkt. # 46) ¶¶ 4-6); *id.* at 4 n.3 (citing
7  Center for Constitutional Rights, *Church Joins Lawsuit Against ICE with Religious*
8  *Discrimination Claims*, Mar. 24, 2021, https://ccrjustice.org/home/press-center/press-
9  releases/churchjoins-lawsuit-against-ice-religious-discrimination-claims (discussing fines
10 imposed in 2019 and 2020)).)  Moreover, the parties have twice asked the court to
11 continue the trial date in this matter from an original date of October 26, 2020, to April
12 12, 2021, and again to February 22, 2022.  (*See* 7/16/19 Sched. Ord. (Dkt. # 34); 4/21/20
13 Stip. Mot. (Dkt. # 60); 9/23/20 Stip. Mot. (Dkt. # 67).)  And Plaintiffs have represented to
14 Defendants that they would be willing to agree to a 60-day stay.  (*See* Mot. at 2 n.1.)
15 Given this context, the court finds that the risk of harm to Plaintiffs of a limited stay
16 weighs only slightly in favor of Plaintiffs.

17 **B.    Possible Hardship or Inequity to Defendants if a Stay is Not Imposed**

18     Defendants argue that if a stay is not imposed pending the issuance of updated
19 guidance, they will be required to respond to discovery requests (and, potentially, to
20 engage in discovery motions practice) relating to guidance that is no longer in effect.
21 (Mot. at 4; *see also* Resp. at 2 (describing pending discovery dispute).)  As a result, they
22 contend, they will be required to expend resources to produce discovery that may not

ultimately be needed for resolution of the case. (Mot. at 3-4.)  Plaintiffs counter that the only possible hardship to Defendants absent a stay is that they will have to proceed with discovery.  (Resp. at 3.)

The court agrees with Defendants that the potential harm absent a stay is "not the typical discovery burdens that accompany every litigation." (*See* Reply at 4.)  Rather, because new enforcement guidance may render previous discovery efforts obsolete or moot, a brief stay pending the release of that guidance may "inform the appropriateness, scope, and necessity of that discovery."  *See Washington v. Trump*, No. C17-0141JLR, 2017 WL 2172020, at *4 (W.D. Wash. May 17, 2017).  The court therefore concludes that this factor weighs in favor of granting Defendants' motion for a stay pending ICE's release of new enforcement guidance.

## C.    The Orderly Course of Justice

Finally, the court finds that the orderly course of justice factor weighs in favor of issuing the stay.  Plaintiffs seek only prospective relief in this case, and the change of presidential administration and issuance of new immigration enforcement guidelines may affect the outcome of this proceeding and any relief to which Plaintiffs may be entitled.  In addition, as Defendants point out, a brief stay pending the issuance of the new guidelines may streamline future discovery efforts and conserve resources.  (*See* Reply at 5-6.)  For example, if depositions of ICE officials are set for a date after the issuance of the new guidelines, Plaintiffs will be able to depose those officials on both the old and new guidelines at once rather than seek to depose the officials a second time after new

guidelines are released.  (*See, e.g.*, Reply at 4.)  The court concludes, therefore, that this factor weighs in favor of a limited stay.

### D. Summary of the Factors

The court concludes that the relevant factors weigh in favor of a limited stay of this matter pending ICE's issuance of updated civil immigration enforcement guidance.  The court finds, however, that Defendants have not justified the need for a stay of 120 days—until August 2021—in light of the expected May 2021 issuance of the updated guidance.  Therefore, the court STAYS this case for a period of 90 days from the filing date of this order; continues the trial date to May 16, 2022; and resets all outstanding pretrial deadlines based on the new trial date.

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part Defendants' motion to stay (Dkt. # 71) and STAYS this case for a period of 90 days from the filing date of this order.  The court CONTINUES the trial date in this matter to May 16, 2022.  The court DIRECTS the Clerk to reset the pretrial deadlines in this matter based on the new trial date.  The updated scheduling order shall include deadlines for discovery motions and for the completion of discovery.[2]

//

//

---

[2] The court did not set deadlines for discovery motions or for the completion of discovery when it granted the parties' stipulated motion to continue the trial date.  (*See* Resp. at 5 n.4; *see also* 9/24/20 Sched. Order (Dkt. # 69).)  These deadlines will be set in the court's updated scheduling order.

1   Dated this 8th day of April, 2021.

2

3   _____

4   JAMES L. ROBART
    United States District Judge