THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NWDC RESISTANCE and COALITION OF ANTI-RACIST WHITES,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>IMMIGRATION & CUSTOMS ENFORCEMENT, MATTHEW T. ALBENCE, in his official capacity as Acting Director of Immigration and Customs Enforcement; and CHAD F. WOLF, in his official capacity as Acting Secretary of Homeland Security,<br><br>　　　　　　Defendants. | No. 3:18-cv-05860-JLR<br><br>**RESPONSE TO ORDER TO SHOW CAUSE** |

RESPONSE TO ORDER TO SHOW CAUSE (3:18-cv-05860-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

On October 26, 2021, and again on January 25, 2022, this Court stayed the proceedings so that the parties could attempt a settlement through mediation. The parties conducted the mediation on February 18, 2022, and it was unsuccessful. On March 18, 2022, the Court ordered counsel to show cause by March 25, 2022, why the Court should not lift the stay in this action. Dkt. 83. Pursuant to that Order, the parties provide their respective positions here.

**Plaintiffs' position.**

The Court should lift the stay. This case has been pending since October 23, 2018. The government has filed two, unsuccessful dispositive motions, Dkt. 30, 70, and the parties have engaged in some (but not all) written discovery and have taken no depositions. Plaintiffs served multiple requests for the production of documents in 2019 and 2020, but the government refused to fully comply with those requests. The parties were in the process of conferring regarding those discovery disputes when, on April 8, 2021, the Court granted in part the government's motion to stay for 90 days (i.e., until July 7, 2021), setting trial for May 9, 2022, Dkt. 75. Before the stay and then after, beginning in July 2021, the parties engaged in settlement discussions, with the government requesting a mediation. To accommodate this request, in the fall of 2021, Plaintiffs twice agreed to stay the case. Dkt. 77, 80. The mediation, held February 18, 2022, was unsuccessful.

Plaintiffs ask the Court to enter a revised scheduling order so that the parties may complete discovery and proceed to trial. Plaintiffs propose the following dates:

| Event | Old Dates | New Dates |
|---|---|---|
| **BENCH TRIAL DATE** | May 16, 2022 | March 6, 2023 |
| Deadline for joining additional parties | | June 1, 2022 |
| Deadline for amending pleadings | | June 1, 2022 |
| Disclosure of expert testimony under FRCP | November 17, 2021 | August 2, 2022 |
| All motions related to discovery must be filed by | December 17, 2021 | September 2, 2022 |

RESPONSE TO ORDER TO SHOW CAUSE (3:18-cv-05860-JLR) - 1

| | | |
|---|---|---|
| Discovery completed by | January 18, 2022 | October 3, 2022 |
| All dispositive motions and motions challenging | February 15, 2022 | November 7, 2022 |
| Settlement conference held no later than | March 17, 2022 | December 5, 2022 |
| All motions in limine must be filed by | April 4, 2022 | January 30, 2023 |
| Agreed pretrial order due | April 25, 2022 | February 20, 2023 |
| Deposition Designations must be submitted to the | April 27, 2022 | February 22, 2023 |
| Pretrial conference to be held at 2:00 PM on | May 2, 2022 | February 20, 2023 |
| Trial briefs and proposed findings of fact and | May 9, 2022 | March 6, 2023 |

However, the government asks the Court to further delay discovery while the government files its third dispositive motion. This time, the government intends to argue that Plaintiffs' claims are moot because the government has issued a memorandum restating the government's official position that ICE should not retaliate against noncitizens for exercising their First Amendment rights.

This voluntary cessation theory does not render Plaintiffs' claims moot, and it does not provide a basis for further delaying discovery—especially where the evidence sought directly bears on the fact question of whether the government has complied with past and present guidance regarding retaliation. *See Bell v. City of Boise*, 709 F.3d 890, 898 (9th Cir. 2013). Dismissal is permitted only if "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* The government cannot make this showing here, as its argument is based on executive guidelines that it is free to alter at will and that therefore "cannot moot a claim." *McCormack v. Herzog*, 788 F.3d 1017, 1025 (9th Cir. 2015). This is especially true where Plaintiffs allege—and intend to prove at trial—that the government has repeatedly violated past prohibitions on retaliation. Indeed, the very discovery the government seeks to evade is necessary to determine whether the government has complied with its new guidelines. Contrary to the government's assertions that mootness is a

RESPONSE TO ORDER TO SHOW CAUSE (3:18-cv-05860-JLR) - 2

question of law that may be resolved on a motion to dismiss, the government must present sufficient evidence to prove that it is "absolutely clear" it will not reoffend, and Plaintiffs must have the opportunity to obtain the evidence required to defend against that affirmative defense. *See, e.g., Bell*, 709 F.3d at 895, 898 (reversing summary judgment where, even after "extensive discovery," the "record before [the court]" showed that the government "failed to meet [its] heavy burden").

**Defendants' position.**

Plaintiffs' claims were rendered moot by affirmative actions taken through the issuance and adoption of new Guidelines for the Enforcement of Civil Immigration Law. These new Guidelines expressly prohibit the alleged conduct that forms the basis of Plaintiffs' complaint. The new Guidelines state that "[a] noncitizen's exercise of their First Amendment rights also should never be a factor in deciding to take enforcement action. We must ensure that enforcement actions are not discriminatory and do not lead to inequitable outcomes." Thus, Plaintiffs' claims are moot and their complaint should be dismissed with prejudice.

Defendants will file a motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction and to stay discovery. Defendants request that the Court set a briefing schedule for these motions to be filed within 60 days, where Defendants can address the standards for mootness and the burdens of proof to stay discovery while a motion to dismiss is pending as set forth in this Court's decision in *Does v. Trump*, 328 F.Supp.3d 1185, 1195-96 (W.D.WA July 27, 2018)

The question of whether the new Guidelines render Plaintiffs' claims moot is a question of law that can be decided on a motion to dismiss for lack of subject matter jurisdiction and does not require discovery. Defendants request that the Court first consider the government's motion to dismiss and motion to stay discovery before setting a new case schedule and allowing time-consuming and expensive discovery, which is not needed to decide the legal issue. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

RESPONSE TO ORDER TO SHOW CAUSE (3:18-cv-05860-JLR) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 21st day of March, 2022.

DAVIS WRIGHT TREMAINE LLP

By  /s/ *Ambika Kumar*
Bruce E.H. Johnson, WSBA # 7667
Ambika Kumar, WSBA # 38237
Rachel Herd, WSBA # 50339
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206-757-8030
Fax: 206-757-7030
E-mail: brucejohnson@dwt.com
           ambikakumar@dwt.com
           rachelherd@dwt.com

JUST FUTURES LAW
Sejal Zota, admitted *pro hac vice*
95 Washington St, Suite 104-149
Canton, MA 02021
Phone: 919-698-5015
Email: sejal@justfutureslaw.org

Attorneys for Plaintiffs La Resistencia and Coalition of Anti-Racist Whites

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

 /s Kristin B. Johnson
KRISTIN B. JOHNSON WSBA #28189
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
Telephone No. (206) 553-7970
Fax No. (206) 553-4073
E-mail   kristin.b.johnson@usdoj.gov

Attorney for Respondents

RESPONSE TO ORDER TO SHOW CAUSE (3:18-cv-05860-JLR) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby declare under penalty of perjury under the laws of the United States that, on the date set forth below, I caused a true and correct copy of the foregoing document to be filed with the Court using the CM/ECF system, which will cause all counsel of record to be served with the same.

DATED this 21st day of March, 2022.

/s/ *Ambika Kumar*
Ambika Kumar, WSBA #38237

RESPONSE TO ORDER TO SHOW CAUSE (3:18-cv-05860-JLR) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax