UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NWDC RESISTANCE, et al., | CASE NO. C18-5860JLR |
| Plaintiffs, | ORDER |
| v. | |
| IMMIGRATION & CUSTOMS ENFORCEMENT, et al., | |
| Defendants. | |

Before the court is Plaintiffs NWDC Resistance and Coalition of Anti-Racist Whites's (collectively, "Plaintiffs") motion to compel Defendants Immigration & Customs Enforcement ("ICE"), Tae D. Johnson, and Alejandro Mayorkas (collectively, "Defendants") to comply with their discovery obligations. (Mot. (Dkt. # 95); Reply (Dkt. # 121).) Defendants oppose the motion. (Resp. (Dkt. # 112).) The parties filed a joint statement regarding their efforts to resolve their dispute on June 27, 2022. (JSR (Dkt. # 124); *see* 6/10/22 Min. Order (Dkt. # 122) (directing the parties to meet and confer

ORDER - 1

regarding their discovery dispute and file a joint statement regarding the issues that remained for the court's determination).) The court heard oral argument from the parties on Thursday, June 30, 2022. (*See* 6/30/22 Min. Entry (Dkt. # 125).) For the reasons stated on the record during the June 30, 2022 hearing, the court ORDERS as follows:

1. Plaintiffs' motion to compel (Dkt. # 95) is GRANTED in part and DENIED in part.

2. Defendants have agreed not to assert generalized Privacy Act objections to Plaintiffs' requests. (*See* JSR at 2.) Accordingly, the court ORDERS Defendants to (a) supplement their document production and responses to Plaintiffs' requests for admission and interrogatories and (b) provide Plaintiffs a log of information or documents withheld on the basis of privilege or privacy objections.

3. Defendants have agreed to supplement their discovery responses with respect to the ten individuals and two organizations identified by Plaintiffs in their second and third sets of requests for production. (*See* JSR at 2; Mot. at 9-10 (listing the individuals and organizations).) The court ORDERS the parties to meet and confer to develop a set of search terms to be used to identify documents responsive to Plaintiffs' second and third sets of requests for production, and ORDERS Defendants to supplement their discovery responses and produce documents responsive to these requests.

4. The court agrees with Plaintiffs that they are entitled to discovery about individuals and organizations other than the ten individuals and two organizations identified in their second and third sets of requests for production. *See, e.g.*, *Indep. Living Ctr. of S. California v. City of Los Angeles*, 296 F.R.D. 632, 636 (C.D. Cal. 2013)

ORDER - 2

(allowing discovery regarding properties other than those named in plaintiffs' complaint where plaintiffs alleged a pattern or practice of discrimination by defendants). Nevertheless, the court DENIES Plaintiffs' motion to compel Defendants to respond "fully" to Interrogatories Nos. 5-7, Requests for Production Nos. 4-7, and Requests for Admission Nos. 1-4 due to the disproportionate burden that responding to these requests without further limitation would impose on Defendants.  *See* Fed. R. Civ. P. 26(b)(1). The court ORDERS the parties to meet and confer regarding ways to narrow Plaintiffs' requests for information about individuals and organizations other than those named in Plaintiffs' second and third requests for production.

5. The court ORDERS the parties to file, by no later than July 29, 2022, a joint statement regarding the status of discovery in this case.

Dated this 30th day of June, 2022.

*[signature]*

JAMES L. ROBART
United States District Judge