The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NWDC RESISTANCE and COALITION OF ANTI-RACIST WHITES,<br><br>Plaintiffs,<br><br>v.<br><br>IMMIGRATION & CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | No. 3:18-cv-05860-JLR<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SEAL** |

Pursuant to Local Rule 5(g), Defendants submit this response to Anti-Racist Whites and La Resistencia's motion to seal, Dkt. 168. Among the documents identified in the organizations' motion, Defendants do not seek to seal, redact, or otherwise restrict Exhibits 1, 27, and 40 to the Declaration of Chris Swift, Dkt. 167. As further explained below, Defendants seek to protect information in the remaining exhibits identified in the motion to seal and request that this Court either restrict access to these documents as it would in a typical immigration case brought in this District, seal these documents, or otherwise protect certain non-party information through redactions or partial sealing. Depending on how the Court rules, Defendants request commensurate protection of the currently sealed information reflected by redactions in the organizations' opposition to Defendants' motion for summary judgment, Dkt. 174.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(3:18-cv-05860-JLR) PAGE – 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

However, Defendants note that this Court may rule in Defendants' favor on the pending motion for summary judgment without ever reaching the issues in this motion.[1]

### A.   INTRODUCTION AND BACKGROUND

As this Court is aware, this is a case brought by two organizations alleging that "[s]ince January 2017, ICE has engaged in a pattern and practice of selectively enforcing immigration laws against outspoken immigrant rights activists who publicly criticize U.S. immigration law, policy, and enforcement." Dkt. 13 ¶ 9. They claim an organizational injury, and no individual person is a plaintiff. Defendants moved for summary judgment on the remaining Due Process, APA, and First Amendment claims. *See* Dkts. 161, 175.

In support of their opposition to summary judgment, the organizations filed a number of exhibits containing otherwise confidential non-party immigration information, for example, I-213 forms, and excerpts of deposition transcripts discussing these forms and other non-party immigration information. *See* Swift Decl. ¶¶ 3-63 (describing Exhibits). Non-party immigration information and other protectable information concerning non-parties and federal employees was produced under the Protective Order in this case.

The parties have met and conferred multiple times. Plaintiffs' counsel spoke with Defendants' counsel by phone on November 27, 2023, after which the motion to seal was filed. Counsel for the parties spoke again by telephone on November 29, 2023, during which time Defendants' counsel asked if any non-party consented to the public release of their immigration information in this litigation. Counsel communicated by email, and then by telephone on December 11, 2023, and have reached a general agreement to redact certain information

---

[1] Among other paths for dismissal, this Court could grant summary judgment based on Defendants' arguments under *Garland v. Aleman Gonzalez*, 596 U.S. 543 (2022) or the APA without needing to consider any of the information currently under seal, or because the publicly filed information reflected in Dkt. 174 demonstrates that what may be filed under seal would not establish a pattern and practice or support any claim, and/or based on the organizations' failure to address the mandatory permanent injunction factors.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SEAL   
(3:18-cv-05860-JLR) PAGE – 2

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

concerning non-public, non-high-ranking ICE employees, though a final agreement has not been reached.

### B.     ARGUMENT

"There is a strong presumption of public access to the court's files" in this District, and a party seeking to seal a record has the burden to "overcome this policy and the presumption." LCR 5(g); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010) (holding that the "compelling reasons" standard applies to motions to seal judicial records). In applying the "compelling reasons" standard, "[t]he court must [ ] 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978)). Some examples of "compelling reasons" may include "when a court record might be used to 'gratify private spite or promote public scandal,'" or "to circulate 'libelous statements'" or "'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon*, 435 U.S. at 598-99).

Parties seeking to seal documents in this District must provide an explanation of: "(i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B).

Here, there are two types of third-party privacy interests implicated by the documents filed under seal, which are addressed in the contemporaneously filed declaration of Robert Guadian ("Guadian Decl."). First is the privacy interest of non-parties in their own personal immigration information. These immigrants, who have never been parties to this litigation, have an interest in

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(3:18-cv-05860-JLR) PAGE – 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

keeping certain personal, sensitive immigration information shielded from the public's view. Defendants understand that no non-party has consented to the release into the public domain of their otherwise private immigration records, or communications and discussions about their immigration records or proceedings that Defendant produced under a Protective Order to the organizations in this litigation. Defendants have an interest in not exposing sensitive information about non-parties into the public unless absolutely necessary.

A person's privacy interest in their immigration records is reflected in Federal Rule of Civil Procedure 5.2(c), which limits access to records in immigration cases, and Local Rule 5.2, which notes that immigration "actions are entitled to special treatment due to the prevalence of sensitive information." This privacy interest and the government's role in protecting it is reflected in *DHS Privacy Policy Regarding Collection, Use, Retention, and Dissemination of Personally Identifiable Information* (May 4, 2022), which applies to individuals regardless of immigration status. *See* Guadian Decl. ¶ 6, Ex. A.

The second privacy interest at issue belongs to federal employees who are not public facing. As extensively detailed in the Guadian Declaration, ICE has seen a significant increase in the level of threats and harassment directed to its personnel nationwide and in the Northwest. *Id.* ¶¶ 10-32, Exs. B-C. ICE employees in the Seattle Field Office have been doxed. *See id.* ¶¶ 11-12, Ex. B. As the examples in the Guadian Declaration reflect, Defendants' concerns about federal-employee safety and doxing are real and concrete rather than merely hypothetical. Defendants have sought to balance this interest against the public's interest in access to judicial records by seeking an agreement to *redact* rather than seal certain federal-employee information. The parties have reached a general agreement to redact the names and other PII of non-public, non-high-

ranking ICE employees. This information need not be disclosed for the Court to consider the issues on summary judgment. *See* LCR 5(g)(B).[2]

### A. As an alternative to sealing, this Court should protect the records under Federal Rule 5.2 and LCR 5.2

Consistent with the instruction in LCR 5(g)(1) to "explore all alternatives to filing a document under seal," ICE proposes that, rather than seal, this Court issue an order directing that the exhibits filed in this case containing and discussing non-party immigration information be protected under Federal Rule 5.2 and LCR 5.2. Had this case been brought by an individual or even as a putative class action, such protections may have applied even though the individual plaintiff(s) or petitioner(s) would have put their immigration records at issue. Here, the non-parties have not put their own immigration records at issue. As far as Defendants know, the non-parties have not consented to the public dissemination of their immigration records.[3] However, as indicated in the organizations' opposition, they seek to litigate a series of mini-trials challenging individual immigration enforcement actions. For these reasons, the protections of Federal Rule 5.2 and LCR 5.2 are warranted and may provide an alternative to sealing.

Defendants suggested this approach to Plaintiffs, but the parties did not reach an agreement. Should this Court treat the exhibits as protected by Federal Rule 5.2 and LCR 5.2, that

---

[2] This general agreement was reached as of December 11, 2023, following multiple communications and conferences. Defendants are contemporaneously filing an appendix *under seal* indicating which parts of the exhibits currently filed under seal ICE believes reflect federal-employee information that should be redacted or sealed. Once the parties reach an agreement on specific redactions, Defendants will update the Court.

[3] Defendants are aware that some non-parties have filed declarations in connection with this litigation. They have discussed their own immigration cases in these declarations. However, Defendants have repeatedly asked Plaintiffs if these individuals consent to the public release of their immigration records and information produced under a Protective Order and have not yet obtained any consent. If a non-party consents to the public release of their immigration information at issue here, or otherwise in this litigation, Defendants generally do not anticipate that they would oppose release, subject to minimal redactions, unless there was a statutory or other prohibition barring Defendants from releasing it.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(3:18-cv-05860-JLR) PAGE – 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

may also address some of the privacy interests of federal employees who may have protectable information also reflected in those records.

### B. As an alternative to sealing, this Court should redact or partially seal certain information

As an alternative to sealing, Defendants also considered redacting or partially sealing parts of the relevant exhibits. To protect federal employees against harassment and doxing, certain information may be redacted or sealed. As indicated above, the parties have reached a general agreement to redact the names and other PII of non-public, lower-level ICE employees and are working to execute it. Defendants' proposals to redact or seal this information are reflected in the Appendix to the Guadian Declaration, filed under seal. Once the parties reach a final agreement, Defendants will update the Court.

However, for the privacy interests of non-parties in their own personal immigration information, this less restrictive alternative does not appear sufficient. Defendants endeavored to propose possible partial sealing recommendations, also reflected in the Appendix to the Guadian Declaration. But this does not appear to be a workable solution. Given the context of the Plaintiffs' opposition focusing on individual immigration cases, the public would be able to determine the identity of the individual non-party if only limited redactions are employed. Additionally, the publicly filed Swift Declaration, Dkt. 167, may connect a non- party to the record at issue. And more extensive redactions would not allow for release of the information Plaintiffs appear to rely on for their opposition.

### C. Otherwise, Defendants request an order allowing these exhibits to be filed under seal

Should this Court not protect the records at issue consistent with Federal Rule 5.2 and LCR 5.2, and/or if the federal-employee privacy interests are not protected by partial redactions or partial sealing, Defendants respectfully request an order allowing these exhibits to be filed

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(3:18-cv-05860-JLR) PAGE – 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

under seal. Private immigration information is appropriate to seal. *See, e.g.*, *Moreno et al., v. Cissna et al.*, 2:19-cv-321-RSL (April 2, 2019), Dkt. 29. Additionally, the reasons for protecting federal-employee privacy interests are well documented in the Guadian Declaration.

### C.  CONCLUSION

For the foregoing reasons, the Court should issue an order to protect the exhibits consistent with Federal Rule 5.2 and LCR 5.2 and/or partially redact or seal the personal information of non-public, non-high ranking ICE employees. Alternatively, this Court should issue an order sealing these exhibits.

DATED this 11th day of December, 2023.

TESSA M. GORMAN
Acting United States Attorney

*s/ Katie D. Fairchild*
KATIE D. FAIRCHILD, WSBA #47712
ANNALISA L. CRAVENS, TX Bar #24092298
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: 206-553-7970
Fax: 206-553-4067
Email: katie.fairchild@usdoj.gov
       annalisa.cravens@usdoj.gov

*Attorneys for Defendants*

I certify that this memorandum contains 1,627 words, in compliance with the Local Rules.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(3:18-cv-05860-JLR) PAGE – 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970