# Exhibit A

**Department of Homeland Security**
**DHS Directives System**
**Instruction Number: 262-16-001**
**Revision Number: 00**
**Issue Date: 5/4/2022**

# DHS PRIVACY POLICY REGARDING COLLECTION, USE, RETENTION, AND DISSEMINATION OF PERSONALLY IDENTIFIABLE INFORMATION

## I. Purpose

This Instruction implements Department of Homeland Security (DHS) Directive 262-16, "DHS Privacy Policy Regarding Collection, Use, Retention, and Dissemination of Personally Identifiable Information (PII)."

## II. Scope

This Instruction applies throughout DHS when PII is collected, used, maintained, and/or disseminated by DHS irrespective of an individual's citizenship or immigration status, if the information is retrievable by a personal identifier in the normal course of agency business.

## III. References

Directive 262-16, "DHS Privacy Policy Regarding Collection, Use, Retention, and Dissemination of Personally Identifiable Information"

## IV. Definitions

A. **_Fair Information Practice Principles (FIPPs)_** means the policy framework adopted by the Department in Directive 047-01, Privacy Policy and Compliance, regarding the collection, use, maintenance, disclosure, deletion, and/or destruction of PII.

B. **_Individual_** means a natural person, including a United States citizen, Lawful Permanent Resident, or a noncitizen.  The Privacy Act's definition of an individual is limited to a United States citizen or Lawful Permanent Resident.

C. **_Mixed System_** means any system operated by DHS or on behalf of DHS

or for the benefit of DHS that contains PII of individuals, regardless of citizenship or immigration status, that is collected, used, maintained, and/or disseminated, and which is retrievable by a personal identifier in the normal course of agency business.

D.   ***Personally Identifiable Information*** means any information that permits the identity of an individual to be directly or indirectly inferred, including other information that is linked or linkable to an individual.  Such information includes a name, Social Security number, date and place of birth, mother's maiden name, Alien Registration Number, account number, license number, vehicle identifier number, license plate number, device identifier or serial number, internet protocol address, biometric identifier (e.g., facial recognition photograph, fingerprint, iris scan, voice print), educational information, financial information, medical information, criminal or employment information, information created specifically to identify or authenticate an individual (e.g., a random generated number).

E.   ***System of Records Notice (SORN)*** means the official public notice of a DHS system of records as required by the Privacy Act of 1974 (as amended). The system of records notice includes, for example, (1) the purpose for the system of records, (2) the individuals covered by information in the system of records, (3) the categories of records maintained about individuals, and (4) the ways in which the information is shared by the Department.  The system of records notice also provides notice of the mechanisms available for individuals to exercise their Privacy Act rights to request access and amendment of PII that DHS maintains about them.

# V.   Responsibilities

A.   ***Chief Privacy Officer***:

1.   Manages the execution of this Instruction;

2.   Issues privacy policies and implementing guidance and oversees the implementation of DHS privacy policies; and

3.   Ensures that the Department follows DHS privacy policies and directives, privacy laws applicable to DHS, and Federal Government-wide privacy policies in collecting, using, maintaining, disclosing, deleting, and/or destroying PII, and in implementing any other activity that impacts the privacy of individuals, and coordinates with Component heads, Component Privacy Officers, and Privacy Points of Contact to ensure compliance.

B.   ***Component Heads***:

1.   Implement DHS privacy policies and procedures established by the

Chief Privacy Officer; and

2. Ensure their respective Component's compliance with this policy.

## VI. Content and Procedures

A. *<u>Background</u>*:

1. On January 20, 2021, President Biden issued Executive Order (E.O.) 13993, "Revision of Civil Immigration Enforcement Policies and Priorities," which revoked E.O. 13768, "Enhancing Public Safety in the Interior of the United States," of January 25, 2017. Executive Order 13993 requires executive departments and agencies to review any agency actions developed pursuant to E.O. 13768 and take action, including issuing revised guidance, as appropriate and consistent with applicable law to advance the policy set forth in E.O. 13993.

2. In response, through a DHS Directive and this Instruction, DHS is cancelling Privacy Policy Guidance Memorandum 2017-01, "DHS Privacy Policy Regarding Collection, Use, Retention, and Dissemination of Personally Identifiable Information" ("2017 policy"), which was developed in response to Section 14 of E.O. 13768. In addition to treating all individuals' PII in accordance with the FIPPs and applicable law, DHS now treats all individuals' PII maintained in DHS systems the same under certain provisions of the Privacy Act, regardless of citizenship or immigration status, so long as the individual's information is retrievable by a personal identifier in the normal course of agency business.

3. Out of operational necessity and administrative efficiency, DHS utilizes mixed systems that contain PII on individuals, regardless of immigration status, to meet its mission requirements. Further, many DHS Components maintain mixed systems either because of inherent difficulties in determining an individual's current immigration status, which may change over time through naturalization or adjustment, or because there is no need to account for an individual's status for purposes of maintaining and using the information contained in the system. By treating these systems as Privacy Act systems, Component agencies may implement efficient and uniform business practices concerning information handling, eliminating the need to maintain two parallel systems serving much the same purpose.

B. As a matter of administrative convenience, DHS implements certain Privacy Act protections as though they apply to all individuals. Specifically, DHS extends the Privacy Act's access, amendment, and accounting for disclosure privileges to all individuals, regardless of immigration or citizenship status, as well as the maintenance and safeguarding requirements under subsection

552a(e) and the non-disclosure provisions under subsection 552a(b), so long as the person's information is retrievable from a mixed system by personal identifier in the normal course of business.  Non-disclosure provisions apply for those systems for which DHS has published public notice and rulemaking to exempt portions of the system of records from one or more provisions of the Privacy Act under subsections 552(j) or (k). This determination is made in consultation with the DHS Privacy Office.

    C.    ***External Disclosures***:

        1.    DHS personnel determine the appropriateness of disclosing PII to another party regardless of a person's immigration status.  When responding to an inquiry from the media or another third party (i.e., a party who is not the subject of the record(s) or a representative of the subject, or a request that is not from Congress, federal courts, federal, state, local, tribal, or foreign law enforcement or other administrative agencies having a need for information from DHS files for the performance of their official duties involving the public disclosure of PII), all DHS personnel must first perform an analysis to ensure that the information being shared is appropriate for release to the public under applicable law and this policy.

        2.    Such an analysis requires the balancing of the public's right to know about the functions and operations of the government against the interest of the subject of the record requested in keeping his or her identity and activities private.[1]  The immigration status of the subject of the record is not relevant in this analysis.  Depending upon the nature of the encounter between DHS and the subject, the notoriety of the subject's actions may diminish the extent to which those actions may remain private.

        3.    Regardless of an individual's citizenship or immigration status, decisions regarding disclosures of PII contained in a mixed system are generally to be made pursuant to routine uses contained in any applicable System of Records Notice or pursuant to one of the statutory exceptions set forth in the Privacy Act, if applicable, and whether disclosure is appropriate based on the mission needs of DHS (or its Components).  However, irrespective of whether the Privacy Act's non-disclosure provisions are to be applied to all individuals, including non-U.S. citizens, by this policy a disclosure shall occur if subject to a FOIA request and is required to be released based on the balancing test described above.

    D.    This policy does not extend, create, or modify any legally binding rights or obligations, including a right of judicial review for non-U.S. citizens under any provision of the Privacy Act or the Judicial Redress Act.  The policy may be withdrawn or modified at any time, in DHS's discretion.  As a matter of policy,

---

[1] *See* 5 U.S.C. § 552(b)(6), (b)(7)(C).

- 5 -

DHS collects, maintains, and uses PII in conformity with the FIPPs embodied in the Privacy Act.

## VII.   Questions

Address any questions or concerns regarding this Instruction to Privacy Office, Chief Privacy Officer.

LYNN P DUPREE
Digitally signed by LYNN P DUPREE
Date: 2022.05.04 11:06:11 -04'00'

Lynn Parker Dupree
Chief Privacy Officer

Date