# Exhibit E

| | |
|---|---|
| **From:** | Kumar, Ambika |
| **To:** | Fairchild, Katie (USAWAW); Swift, Chris |
| **Cc:** | Cravens, Annalisa (USAWAW); Fonseca, Joseph (USAWAW); Sejal Zota; Froelich, Caitlin (USAWAW); Dinesh McCoy |
| **Subject:** | [EXTERNAL] RE: NWDC Resistance v. ICE -- meet & confer |
| **Date:** | Tuesday, August 22, 2023 9:43:29 AM |

Confirmed.

**Ambika Kumar** (pronunciation) | **Davis Wright Tremaine LLP**
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Mobile: (206) 356-0397
Email: ambikakumar@dwt.com | Website: www.dwt.com

---

**From:** Fairchild, Katie (USAWAW) <Katie.Fairchild@usdoj.gov>
**Sent:** Monday, August 21, 2023 10:48 PM
**To:** Kumar, Ambika <AmbikaKumar@dwt.com>; Swift, Chris <ChrisSwift@dwt.com>
**Cc:** Cravens, Annalisa (USAWAW) <Annalisa.Cravens@usdoj.gov>; Fonseca, Joseph (USAWAW) <Joseph.Fonseca@usdoj.gov>; Sejal Zota <sejal@justfutureslaw.org>; Froelich, Caitlin (USAWAW) <Caitlin.Froelich@usdoj.gov>; Dinesh McCoy <dinesh@justfutureslaw.org>
**Subject:** RE: NWDC Resistance v. ICE -- meet & confer

Ambika,

We understand that tomorrow Plaintiffs intend to file a notice withdrawing certain allegations and representations.  If that is not the case, please let us know.

Additionally, as discussed, the depositions will be not be video recorded.  They will still be conducted by videoconference and transcribed of course.  We understand that Plaintiffs agree that we do not need to send a new notice.  Can you please confirm?

Thank you,
Katie

---

**From:** Fairchild, Katie (USAWAW)
**Sent:** Monday, August 21, 2023 2:45 PM
**To:** 'Kumar, Ambika' <AmbikaKumar@dwt.com>; Swift, Chris <ChrisSwift@dwt.com>
**Cc:** Cravens, Annalisa (USAWAW) <ACravens@usa.doj.gov>; Fonseca, Joseph (USAWAW) <JFonseca@usa.doj.gov>; Sejal Zota <sejal@justfutureslaw.org>; Froelich, Caitlin (USAWAW) <CFroelich@usa.doj.gov>; Dinesh McCoy <dinesh@justfutureslaw.org>
**Subject:** RE: NWDC Resistance v. ICE -- meet & confer

Ambika,

Yes, unless Plaintiffs' testimony re-inserts a withdrawn allegation back into the case.

Thank you,
Katie

**From:** Kumar, Ambika <AmbikaKumar@dwt.com>
**Sent:** Monday, August 21, 2023 2:17 PM
**To:** Fairchild, Katie (USAWAW) <KFairchild@usa.doj.gov>; Swift, Chris <ChrisSwift@dwt.com>
**Cc:** Cravens, Annalisa (USAWAW) <ACravens@usa.doj.gov>; Fonseca, Joseph (USAWAW) <JFonseca@usa.doj.gov>; Sejal Zota <sejal@justfutureslaw.org>; Froelich, Caitlin (USAWAW) <CFroelich@usa.doj.gov>; Dinesh McCoy <dinesh@justfutureslaw.org>
**Subject:** [EXTERNAL] RE: NWDC Resistance v. ICE -- meet & confer

Thanks, Katie. Just to be sure I understand, if we file the form of notice we sent, am I right that this would mean ICE will not ask questions about the allegations specified in the notice (the specified paragraphs of the complaint and of Ms. Mora-Villalpando's declaration)?

I think the answer is "yes" but want to confirm.  Feel free to call me on my cell (below).

Ambika

**Ambika Kumar** (pronunciation) | **Davis Wright Tremaine LLP**
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Mobile: (206) 356-0397
Email: ambikakumar@dwt.com | Website: www.dwt.com

**From:** Fairchild, Katie (USAWAW) <Katie.Fairchild@usdoj.gov>
**Sent:** Monday, August 21, 2023 1:21 PM
**To:** Kumar, Ambika <AmbikaKumar@dwt.com>; Swift, Chris <ChrisSwift@dwt.com>
**Cc:** Cravens, Annalisa (USAWAW) <Annalisa.Cravens@usdoj.gov>; Fonseca, Joseph (USAWAW) <Joseph.Fonseca@usdoj.gov>; Sejal Zota <sejal@justfutureslaw.org>; Froelich, Caitlin (USAWAW) <Caitlin.Froelich@usdoj.gov>; Dinesh McCoy <dinesh@justfutureslaw.org>
**Subject:** RE: NWDC Resistance v. ICE -- meet & confer

Ambika,

Thank you for your email and draft.  For purposes of resolving the discovery dispute, generally, if Plaintiffs have filed notice with the Court that they are withdrawing allegations and withdrawing previous representations that Plaintiffs have made with the Court, we would agree that we would no longer need to ask questions about them.  To that end, filing a notice could work to resolve the parties' dispute on this issue.

However, we do not agree with how the draft characterizes the issue as Defendants just "demand[ing] that Plaintiffs disclose the identity of . . . undocumented immigrants" for depositions or that Defendants are seeking to chill their speech or jeopardize their safety.  Rather, Defendants are appropriately seeking to understand the basis of the allegations Plaintiffs asserted against the Defendants in their Amended Complaint and understand the basis of representations that Plaintiffs

affirmatively made to the Court in opposition to a motion to dismiss.  Defendants are entitled to discover the alleged factual basis of the claims that Plaintiffs have asserted against Defendants in this litigation.  To provide assurances about third-party witness protection, Defendants offered to amend the Protective Order to make clear that third-party personally identifying information could be protected through the AEO designation, to redact or use anonymizers for non-public third parties in any court filings, and to add additional language to the Protective Order, providing a "Party may use AEO or Confidential Information only in connection with prosecuting, defending, or attempting to settle this Action. The AEO or Confidential Information shall not be used by the Receiving Party for any purpose outside of this Action. No one subject to this Protective Order shall use Confidential Information obtained in this Action to retaliate against, intimidate, discriminate against, or harass any individual in any manner."  We spent months attempting to accommodate Plaintiffs.  That said, your draft is not a stipulated agreement.  While we do not agree with your characterization, you do not need our agreement to file your reasons for withdrawing allegations.

Accordingly, if Plaintiffs file notice with the Court that they are withdrawing allegations and withdrawing previous representations that Plaintiffs have made with the Court, we would not anticipate asking questions at the 30(b)(6) depositions about allegations and representations that have been withdrawn.  We believe that would resolve the parties dispute on this issue unless Plaintiffs otherwise bring those issues back into the case.

For example, we generally anticipate asking opened ended questions about the basis of Plaintiffs' alleged claims and injuries.  If Plaintiffs' answers are consistent with your representations that Plaintiffs do not intend to rely on any of the withdrawn allegations, we would not anticipate any issue or follow up questions about those matters.  We won't agree, however, that we would be precluded from asking follow up questions about something if Plaintiffs testify that they are relying on it to support their claims or injuries.  In that situation, Plaintiffs' testimony would open the door.

Please let us know if you intend to file a Notice withdrawing allegations and representations.  If you would like to discuss further, I am available this afternoon.  If you would like to bring this to the Court, I am available to call the Court with you on Tuesday between 10:30-2:30.  Should you email the Court, please provide a copy of this email with your communication.

Thank you,
Katie


**From:** Kumar, Ambika <AmbikaKumar@dwt.com>
**Sent:** Friday, August 18, 2023 10:02 PM
**To:** Fairchild, Katie (USAWAW) <KFairchild@usa.doj.gov>; Swift, Chris <ChrisSwift@dwt.com>
**Cc:** Cravens, Annalisa (USAWAW) <ACravens@usa.doj.gov>; Fonseca, Joseph (USAWAW) <JFonseca@usa.doj.gov>; Sejal Zota <sejal@justfutureslaw.org>; Froelich, Caitlin (USAWAW) <CFroelich@usa.doj.gov>; Dinesh McCoy <dinesh@justfutureslaw.org>
**Subject:** [EXTERNAL] RE: NWDC Resistance v. ICE -- meet & confer

Katie, again subject to Sejal's views, attached is a draft filing.

Ambika

**Ambika Kumar** (pronunciation) | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Mobile: (206) 356-0397
Email: ambikakumar@dwt.com | Website: www.dwt.com

---

**From:** Kumar, Ambika
**Sent:** Monday, July 10, 2023 12:13 PM
**To:** 'Fairchild, Katie (USAWAW)' <Katie.Fairchild@usdoj.gov>; Swift, Chris <ChrisSwift@dwt.com>
**Cc:** Cravens, Annalisa (USAWAW) <Annalisa.Cravens@usdoj.gov>; Fonseca, Joseph (USAWAW) <Joseph.Fonseca@usdoj.gov>; 'Sejal Zota' <sejal@justfutureslaw.org>; Froelich, Caitlin (USAWAW) <Caitlin.Froelich@usdoj.gov>; 'Dinesh McCoy' <dinesh@justfutureslaw.org>
**Subject:** RE: NWDC Resistance v. ICE -- meet & confer

Adding Sejal and Dinesh. Please copy them in future.

**Ambika Kumar** (pronunciation) | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Mobile: (206) 356-0397
Email: ambikakumar@dwt.com | Website: www.dwt.com

---

**From:** Fairchild, Katie (USAWAW) <Katie.Fairchild@usdoj.gov>
**Sent:** Monday, July 10, 2023 10:22 AM
**To:** Swift, Chris <ChrisSwift@dwt.com>; Kumar, Ambika <AmbikaKumar@dwt.com>
**Cc:** Cravens, Annalisa (USAWAW) <Annalisa.Cravens@usdoj.gov>; Fonseca, Joseph (USAWAW) <Joseph.Fonseca@usdoj.gov>; Froelich, Caitlin (USAWAW) <Caitlin.Froelich@usdoj.gov>
**Subject:** RE: NWDC Resistance v. ICE -- meet & confer

Hello Chris,

Thank you for your email.  We have a few initial follow up questions, and we will likely have others on our next call.  We would like to schedule our next call after we have had a chance to review the forthcoming supplemental discovery responses, so please provide those as soon as you are able.  If we don't have them before Tuesday, let's push the call for when we do.  I have a lot of availability this week, so please let us know what works for you.

1. As Plaintiffs intend to withdraw allegations from their Amended Complaint, we anticipate that you will be filing either a Second Amended Complaint or some other sort of notice with the Court.  Please let us know.  Please send us any proposed amended complaint as I believe consent is needed for an amendment at this point.
2. Please provide us with any supplemental discovery responses this week, by Friday 7/13.  We think it is unlikely to completely resolve ICE's concerns.  For example, from the email below it is not clear that Plaintiffs are proposing to limit or withdraw issues that would obviate the

need for the discovery ICE seeks.  But we will wait to see the specific language in the updated discovery responses.
3. We expect to promptly move forward with any motion to compel, should it be necessary. Please let us know if you object to following the Local Rule procedure.

Thank you,
Katie

---

**From:** Swift, Chris <ChrisSwift@dwt.com>
**Sent:** Wednesday, July 5, 2023 4:59 PM
**To:** Fairchild, Katie (USAWAW) <KFairchild@usa.doj.gov>; Kumar, Ambika <AmbikaKumar@dwt.com>
**Cc:** Cravens, Annalisa (USAWAW) <ACravens@usa.doj.gov>; Fonseca, Joseph (USAWAW) <JFonseca@usa.doj.gov>; Froelich, Caitlin (USAWAW) <CFroelich@usa.doj.gov>
**Subject:** [EXTERNAL] RE: NWDC Resistance v. ICE -- meet & confer

Katie,

Please see Plaintiffs' responses below. Plaintiffs are preparing supplemental discovery responses, as indicated below. Please let us know if you have any questions.

> **First Discovery Requests to CARW:**
> - Interrogatory 1
>   - Plaintiff did not limit its answers on First Amendment grounds. However, Plaintiff will provide a supplemental answer to Defendants' request clarifying that it only bases its claims on instances of selective enforcement targeting specific, identified individuals who have been disclosed to Defendants or who will be disclosed once identified through ongoing discovery efforts.
> - Interrogatory 2
>   - Plaintiff did not limit its answers on First Amendment grounds. However, Plaintiff will provide a supplemental answer to Defendants' request clarifying that it only bases its claims on instances of selective enforcement targeting specific, identified individuals who have been disclosed to Defendants or who will be disclosed once identified through ongoing discovery efforts.
> - Interrogatory 3
>   - Plaintiff did not limit its answers on First Amendment grounds. However, Plaintiff will provide a supplemental answer to Defendants' request clarifying that it only bases its claims on instances of selective enforcement targeting specific, identified individuals who have been disclosed to Defendants or who will be disclosed once identified through ongoing discovery efforts.
> - Interrogatory 4
>   - Plaintiff did not limit its answers on First Amendment grounds. However, Plaintiff will provide a supplemental answer to Defendants' request clarifying that it only bases its claims on instances of selective enforcement targeting specific,

identified individuals who have been disclosed to Defendants or who will be disclosed once identified through ongoing discovery efforts.
- Interrogatory 5
  - Plaintiff did not limit its answers on First Amendment grounds. However, Plaintiff will provide a supplemental answer to Defendants' request clarifying that it only bases its claims on instances of selective enforcement targeting specific, identified individuals who have been disclosed to Defendants or who will be disclosed once identified through ongoing discovery efforts.
- Interrogatory 6
  - Plaintiff did not limit its answers on First Amendment grounds. However, Plaintiff will provide a supplemental answer to Defendants' request setting forth additional information.
- RFP 13
  - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 15
  - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 17
  - Plaintiff withdraws its allegation that "[CARW] ask[s] undocumented activist leaders what those leaders need and do those things. CARW's agenda is expressly set by undocumented activist leaders."
  - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 18
  - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 20
  - As stated in Plaintiff's objections, Plaintiff did not conduct a search for documents responsive to this request. However, in response to other requests, Plaintiff has produced documents that are responsive to this request and are sufficient to show the purpose for Plaintiff's creation.

**First Discovery Requests to NWDC Resistance:**
- Interrogatory 1
  - Plaintiff did not limit its answers on First Amendment grounds. However, Plaintiff will provide a supplemental answer to Defendants' request clarifying that it only bases its claims on instances of selective enforcement targeting specific, identified individuals who have been disclosed to Defendants or who will be disclosed once identified through ongoing discovery efforts.
- Interrogatory 2
  - Plaintiff did not limit its answers on First Amendment grounds. However, Plaintiff will provide a supplemental answer to Defendants' request clarifying that it only bases its claims on instances of selective enforcement targeting specific, identified individuals who have been disclosed to Defendants or who will be

disclosed once identified through ongoing discovery efforts.
- Interrogatory 3
  - Plaintiff did not limit its answers on First Amendment grounds. However, Plaintiff will provide a supplemental answer to Defendants' request clarifying that it only bases its claims on instances of selective enforcement targeting specific, identified individuals who have been disclosed to Defendants or who will be disclosed once identified through ongoing discovery efforts.
- Interrogatory 4
  - Plaintiff did not limit its answers on First Amendment grounds. However, Plaintiff will provide a supplemental answer to Defendants' request clarifying that it only bases its claims on instances of selective enforcement targeting specific, identified individuals who have been disclosed to Defendants or who will be disclosed once identified through ongoing discovery efforts.
- Interrogatory 5
  - Plaintiff did not limit its answers on First Amendment grounds. However, Plaintiff will provide a supplemental answer to Defendants' request clarifying that it only bases its claims on instances of selective enforcement targeting specific, identified individuals who have been disclosed to Defendants or who will be disclosed once identified through ongoing discovery efforts.
- Interrogatory 6
  - Plaintiff did not limit its answers on First Amendment grounds. However, Plaintiff will provide a supplemental answer to Defendants' request setting forth additional information.
- Interrogatory 7
  - Plaintiff will provide a supplemental answer to this request clarifying that it will support the allegations in paragraphs 62 and 66 of the First Amended Complaint only with evidence of changes in participation by specific, identified individual(s), and not organization-wide changes in participation.
- RFP 13
  - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 15
  - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 16
  - As stated in Plaintiff's objections, Plaintiff did not conduct a search for documents responsive to this request. However, in response to other requests, Plaintiff has produced documents responsive to this request and sufficient to identify key members of Plaintiff.
- RFP 18
  - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 19
  - As stated in Plaintiff's objections, Plaintiff did not conduct a search for documents responsive to this request. However, in response to other requests,

- Plaintiff has produced documents that are responsive to this request and are sufficient to show the purpose for Plaintiff's creation.
- RFP 20
  - No documents responsive to this request are being withheld on First Amendment grounds.

**Second Discovery Requests to CARW:**
- Interrogatory 8
  - Plaintiff will provide a supplemental answer to Defendants' request clarifying that it only bases its claims on instances of selective enforcement targeting specific, identified individuals who have been disclosed to Defendants or who will be disclosed once identified through ongoing discovery efforts.
- RFP 24
  - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 25
  - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 26
  - As stated in Plaintiff's objections, Plaintiff did not conduct a search for documents responsive to this request. However, in response to other requests, Plaintiff produced communications with La Resistencia that were responsive to Defendants' other requests.
- RFP 27
  - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 28
  - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 29
  - Plaintiff withdraws the allegation that "CARW's agenda is set by [La Resistencia]"
  - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 30
  - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 31
  - No documents responsive to this request are being withheld on First Amendment grounds.

**Second Discovery Requests to NWDC Resistance:**
- Interrogatory 9
  - Plaintiff will provide a supplemental answer to Defendants' request clarifying that it only bases its claims on instances of selective enforcement targeting specific, identified individuals who have been disclosed to Defendants or who

will be disclosed once identified through ongoing discovery efforts.
- RFP 22
    - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 23
    - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 24
    - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 25
    - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 26
    - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 28
    - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 29
    - No documents responsive to this request are being withheld on First Amendment grounds.
- RFP 30
    - As stated in Plaintiff's objections, Plaintiff did not conduct a search for documents responsive to this request. However, in response to other requests, Plaintiff produced communications with CARW that were responsive to Defendants' other requests.
- RFP 31
    - No documents responsive to this request are being withheld on First Amendment grounds.

**Chris Swift** (he/him) | Davis Wright Tremaine LLP
1300 SW Fifth Avenue, Suite 2400 | Portland, OR 97201
Tel: (503) 276-5505 | Fax: (503) 778-5299
Email: chrisswift@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Fairchild, Katie (USAWAW) <Katie.Fairchild@usdoj.gov>
**Sent:** Monday, June 26, 2023 4:38 PM
**To:** Kumar, Ambika <AmbikaKumar@dwt.com>; Swift, Chris <ChrisSwift@dwt.com>
**Cc:** Cravens, Annalisa (USAWAW) <Annalisa.Cravens@usdoj.gov>; Fonseca, Joseph (USAWAW) <Joseph.Fonseca@usdoj.gov>; Froelich, Caitlin (USAWAW) <Caitlin.Froelich@usdoj.gov>
**Subject:** NWDC Resistance v. ICE -- meet & confer

**[EXTERNAL]**

Counsel,

Following up on our call last week, and in particular our continued discussions about Plaintiffs' objections to responding to discovery requests and providing information about the alleged harms that are the basis of Plaintiffs' standing in this case and the organizations' membership, we understand that Plaintiffs will be withdrawing certain allegations for which Plaintiffs do not intend to provide evidence.

So that we can move forward in this litigation, please let us know by the end of this week the following information.  If Plaintiffs do not indicate that they are withdrawing an allegation or representation, we will understand that it remains at issue and Defendants will continue to pursue discovery related to it.  **Therefore, please identify by 6/30:**

1. Which allegations in Plaintiffs' Amended Complaint will be withdrawn.
2. If any representations made in a declaration will be withdrawn or not be supported with evidence.  For example, if Plaintiffs will not be providing information about anonymous individuals previously referenced or discussed in a declaration, identify those paragraphs that will be withdrawn or not supported.
3. Which discovery requests, among those identified below, Plaintiffs intend to supplement or revise their response.

We understand that for some discovery requests, Plaintiffs intend to represent that they are only relying on specific individuals or specific information, *and not any other unidentified information*, for the purpose of proving their claims in this litigation.  You asked us to identify which discovery requests Defendants contend Plaintiffs have inappropriately objected to, or inappropriately refuse to provide complete information to, because Plaintiffs have put the information at issue through their allegations.  Below is the requested list.  Defendants intend to move forward with a motion to compel unless Plaintiffs appropriately supplement their discovery responses by 6/30.  In any revisions, please clarify whether any information is being withheld or if Plaintiffs' response is otherwise limited through use of the language "subject to and without waiving these objections. . . . "  If Plaintiffs are not withholding any information to a particular request on the basis of Plaintiffs' assertion that "information [is] shielded by the First Amendment associational privilege," please indicate that no information is being withheld.

While Defendants will consider in good faith what limitations may be appropriate for this litigation, Defendants reserve all rights to seek discoverable information in this litigation, and do not agree that Plaintiffs may unilaterally determine for which issues Defendants may seek discovery.

Discovery Responses:

> **Second Discovery Requests to CARW:**
> - Interrogatory 8
> - RFP 24
> - RFP 25
> - RFP 26 (to the extent you contend this request is overly burdensome, please

   provide us with custodian/volume information so that Defendants can propose narrowing; alternatively, please feel free to propose your own narrowing)
- RFP 27
- RFP 28
- RFP 29
- RFP 30
- RFP 31

**Second Discovery Requests to NWDC Resistance:**
- Interrogatory 9
- RFP 22
- RFP 23
- RFP 24
- RFP 25
- RFP 26
- RFP 28
- RFP 29
- RFP 30 (to the extent you contend this request is overly burdensome, please provide us with custodian/volume information so that Defendants can propose narrowing; alternatively, please feel free to propose your own narrowing)
- RFP 31

**First Discovery Requests to CARW:**
- Interrogatory 1
- Interrogatory 2
- Interrogatory 3
- Interrogatory 4
- Interrogatory 5
- Interrogatory 6
- RFP 13
- RFP 15
- RFP 17
- RFP 18
- RFP 20

**First Discovery Requests to NWDC Resistance:**
- Interrogatory 1
- Interrogatory 2
- Interrogatory 3
- Interrogatory 4
- Interrogatory 5
- Interrogatory 6
- Interrogatory 7
- Interrogatory 8

- RFP 13
- RFP 15
- RFP 16
- RFP 18
- RFP 19
- RFP 20

Thank you,
Katie